**PENNELL, In Re**

Common Pleas Court, Morgan Co

No 6656.  Decided Jan 9, 1941

Graham & Graham, Zanesville, for appellant.

Thomas J. Herbert, attorney general, and John P. Walsh, asst. atty. general, Columbus, for appellee.

## OPINION

By RIECKER, J.

The sole question presented to this court for determination is whether the appellant has a right of appeal under the statutes.

This is an appeal from the Civil Service Commission of the state of Ohio. Appellant was employed by the State Highway Department and was discharged while he was a laborer in charge.  He complained that he was discharged without just cause and appealed his case to the Civil Service Commission of Ohio.  The appeal came on to be heard before the commission; their ruling being adverse to the appellant, he filed this appeal in the Common Pleas Court of this county, on the question of law.

The appellee now files a motion to dismiss the appeal for the reason that there is no statutory authority for an appeal from decision of the Civil Service Commission.

Counsel for both Mr. Pennell and the commission state that there is no direct case in point so we will first look to the statutes.

**Sec. 486-17a GC,** sets forth the method of removing an employee and in part reads as follows:

"In all cases of removal the appointing authority shall furnish such employe or subordinate with a copy of the order of removal and his reasons for the same, and give such officer, employe or subordinate a reasonable time in which to make and file an explanation.  Such order with the explanation, if any, of the employe or subordinate shall be filed with the commission. Any such employe or subordinate so removed may appeal from the decision or order of the appointing authority to the state or municipal commission, as the case may be, within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, such appeal within 30 days from and after its filing with the commission, and it may affirm, disaffirm or modify the judgment of the appointing authority, **and the commission's decision shall be final.**" (Emphasis ours).

The above section became effective August 8, 1931.

Counsel has cited **§12223-3 GC,** this section became effective June 26, 1939, and reads as follows:

"Every final order, judgment or decree of the court and when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Justice of the Peace upon questions of law and fact shall be taken in the manner now provided for in **§§10382 to 10398 GC.**"

Counsel for appellant also rely upon §12223-23 GC, which became effective January 1, 1936 and reads as follows:

"A judgment rendered or final order made by a Justice of the Peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the Common Pleas Court may be reversed, vacated, or modified by the Common Pleas Court upon an appeal on question of law."

Sec. 486-17a GC, makes it clear that the decision of the commission shall be final. This section is not a part of the general statutes on Procedure on Appeal. The latter section becoming effective January, 1936, while the former section became effective in 1931.

Sec. 12223-3 GC, provides that when provided by law the final order of any administrative officer, tribunal, or commission may be reviewed, but yet we have no provision for a review; counsel for appellant argues that §12223-23 GC, gives the appellant a right to appeal into this court. If this section is controlling then we must see if the commission was exercising a judicial function when hearing the appellant's appeal.

Bouvier's Law Dictionary defines Judicial Function as follows:

"The term is used to describe generally those modes of action which appertain to the judiciary as a department of organized government, and through and by means of which it accomplishes its purposes and exercises its peculiar powers."

Words and Phrases gives the following illustrations:

"That a function may be held to be judicial, it must be exercised in determining the merits of the issue. * * *"

"The exercise of a judicial function is the doing of something in the nature of the action of the court. Thus making an order by the board of county commissioners that a firm of attorneys be employed in certain litigation in which the county was interested is not the exercise of judicial function."

"The board of county commissioners, in passing on the sufficiency of a petition for the creation of a new county to comply with the requirements of law—exercises judicial function—permitting certiorari to review the act of a tribunal in the exercise of judicial functions. (134 P. 291, 293.)"

"It is a judicial function to hear a cause pending between adverse parties, to apply the law to the facts, and to make and render a judgment determining the rights of the parties."

The Civil Service Commission of Ohio came to this county and heard the witnesses testify in this case, and applied the law to the facts. Therefore there would be no doubt but what the commission exercise a judicial function in this case. Nor is there any question but what the commission is a board.

There is still a conflict between §§486-17a and 12223-23 GC. Sec. 12223-23 is found in the general statutes on appeal and applies generally, §486-17a applies to a specific matter in Civil Service.

Upon examination of the authorities relating to general and special statutes we find §167, Crawford on Statutory Construction reading as follows:

GENERAL AND SPECIAL PROVISIONS.

"Provisions of this type in the same statute should also be harmonizzed if possible, but in the event they are irreconcilable, conflict, the specific provision will control, unless the statute, considered in its entirety, indicates a contrary intention upon the part of the legislature. (Generalia specialbus non derogant). This same rule applied to two conflicting statutes, unless the general statute impliedly repeals the special one." (Emphasis ours).

"While general and special provisions are both sources of the legislative intent, and both are entitled to consideration in the construction of statutes by virtue of the rule requiring con-

struction as a whole, the reason for granting the latter the power to control the former is obvious. It is founded upon a characteristic connection with our use of our language. It is in accord with our use of the English language."

37 O. Jur., pages 408 and 409 states the following:

"The special statute, in many cases, remains wholly uneffected by a later general act. Indeed, the presumption is that the special is intended to remain in force as an exception to the general act. Moreover, it has been laid down as an established rule in the construction of statutes that a subsequent statute, treating a subject in general terms, and not expressly contradicting the provisions of the prior act, shall not be considered as intended to affect more particular and positive provisions of the prior act unless it is absolutely necessary to do so in order to give its words any meaning or unless such intention is clearly manifested."

101 Oh St 71, Industrial Commission v Davidson, is a similar case.

The facts are in the above case that in January 1915 Mrs. Davidson recovered a judgment against the Industrial Commission, in the Common Pleas Court where she has appealed her case from a ruling of the Industrial Commission. The verdict of the jury was that she recover $4.50 per week for 55 weeks. Thereafter she made another application to continue to pay her from March 1915, the commission turned this claim down, claiming that it was once adjudicated. She made the second appeal, and the question raised, did the Common Pleas Court have jurisdiction to hear the second appeal.

In the opinion—§1465-90 provides in substance that the board shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final, provided in case the final action of the board denies the right of claimant to participate at all in such fund on the ground that the injury was

self inflicted on the ground that the accident did not arise in the course of employment. The first appeal was taken upon this section. Under §1465-84 GC, the commission had continuing jurisdiction, just the same as if the commission had given the award, and it was the duty of the commission to consider and determine if the physical condition of plaintiff entitled her to further award. The statute at this time made no provisions for further appeals from the continuing jurisdiction of the commission and in the absence of such statute no appeal lies.

However at this time §12241 was in force in the general appellate statutes, and as far as this case is concerned reads the same as §12223-23 GC—A judgment rendered or final order made —or any other tribunal, board or officer, exercising judicial functions, and inferior to the Common Pleas Court may be reversed, modified and etc.

163 N. E. 225, Straus Bros. v Fisher et. Syl 3 is as follows:

"Repeals by implication are not favored, and statutes relating to same subject matter should both be given effect if possible.

"Special provisions prevail over general provisions with relations to same subject matter."

General statutes does not repeal particular provisions of former special statute, unless irreconcilably inconsistent.

62 Federal 2nd, 705, Niagara Fire Ins. Co. v Raleigh Hardware, 4th paragraph of the syllabus reads as follows:

"Where separate existing statutes relate to same subject, earlier being special and later general presumption arises that special was intended to remain in force as exception to general."

In 109 U. S. page 504 we find the following: General and specific provisions in apparent contradiction, whether in the same or different statutes, and without regard to priority of enactment, may subsist together, the specific qualifying and supplying exceptions to the general.

Sec. 486-17a GC provides a special remedy for employes who are removed from their employment by the appointing authority to the Civil Service Commission and the action of the commission shall be final. Sec. 12223-23 GC, is a general statute and applies to a general class of appeals. Sec. 486-17a GC, makes an exception to the general class. For this reason the motion will be granted and the appeal will be dismissed.