**MALAMANOFF et, Appellants, v. SILASHKI et, Appellees.**

Ohio Appeals, Ninth District, Summit County.

No. 3373.   Decided March 6, 1941.

Schnee, Grimm & Belden, Akron, for appellants.

Carl M. Myers, Akron, and W. M. Giffen, Akron, for appellees.

## OPINION

By STEVENS, J.

In their amended petition, plaintiffs alleged that on or about April 15, 1930, they borrowed a sum of money from the Securities Savings Bank Co. and that the defendant Christine Silashki cosigned as surety for said loan; that thereafter, on or about the 24th day of July, 1930, the defendant Christine Silashki paid said loan to the Securities Savings Bank Co. in the sum of $800; that thereafter, the defendant Dushan D. Silashki did perform certain legal services and did advance certain sums of money for and on behalf of plaintiff George Malamanoff.

In connection with said legal services, "plaintiff (George Malamanoff) says that on or about January 5, 1931, the defendant Dushan Silashki represented to these plaintiffs that the amount due the defendants for monies paid to the Securities Bank, for attorney fees and money advanced in connection with said attorney's services, was the sum of $2500. That on said date, plaintiffs did execute a note in the sum of $2500, and did assign as security for ·the repayment of said $2500 note, a certain lease * * *. Plaintiffs further say that, at the request of the defendants, these plaintiffs did thereafter on January 14, 1931, convey by warranty deed, the property known as 1505 Aster Avenue, Akron, Ohio * * *; that said conveyance, although absolute on its face, was in fact additional security only for the repayment of the $2500 note as aforesaid. Plaintiffs further say that an agreement in writing was entered into between the plaintiff Paulina Malamanoff and the defendant Christine Silashki with reference to the assignment of said lease as aforesaid, and' as to the conveyance of the Aster Avenue property as aforesaid * * *; that by the terms of said agreement, * * * the defendant Christine Silashki was given the right

to collect the income under said lease * * * from the premises known as Aster Avenue and to apply the same upon said $2500 note, and to account fully to the plaintiff Paulina Malamanoff at all reasonable times * * *; that (plaintiffs have) requested on numerous occasions that Christine Silashki account to these plaintiffs, but that said defendant has neglected and refused to account * * *; that the defendant Christine Silashki collected large sums of money, far in excess of said $2500; and that by reason thereof a large sum of money is due from the defendant Christine Silashki."

Plaintiffs further alleged that they then believed and therefore averred the fact to be that they were not indebted to the defendants in a sum of $2500, but were indebted to said defendants in a sum of not more than $1850.

The petition concluded with the prayer: "Wherefore plaintiffs pray that the defendants be required to account and for a money judgment for the amount found due to them herein."

To that petition the defendants filed their amended answer and cross-petition.

In the answer, the narration of the various dealings between the parties is contained and the answer concludes with a general denial of the allegations of the petition except such as are qualified or admitted to be true in the answer.

In the cross-petition, the defendants, Christine and Dushan D. Silashki, set up in a first cause of action, a promissory note in the amount of $2500 and prayed for judgment thereon. In a second cause of action, they set up an account upon which they alleged there was owing to them the sum of $1972.56, for which they prayed judgment. In a third cause of action, the defendant Dushan D. Silashki set up a claim for legal services as attorney and counsel for the plaintiffs, evidenced by an account, and he prayed judgment against the plaintiffs in the said cause of action for the sum of $1435.

On November 26, 1937, the following journal entry was filed:

"On motion of the defendants and by agreement of counsel, and it appearing to the court that this matter ought to be referred to a master commissioner, it is hereby ordered that attorney Fred G. Cain, member of the Sum-

mit county bar, be and he is hereby appointed master commissioner herein, and said master commissioner is hereby authorized to examine all of the records, accounts and instruments relating to the business transactions between the parties herein, involved in this action, and in furtherance of his said duties said master commissioner is authorized to examine under oath the parties to this action and necessary witnesses, take their testimony to do all necessary and incidental things thereto. And it is further ordered that said master commissioner file a report of his finding to this court within fifteen (15) days from the date hereof."

On June 29, 1940, the report of the special master commissioner was filed, and on September 27, 1940, exceptions to the report of the master commissioner were filed.

On November 22, 1940, the journal entry making disposition of said action was filed, and in that journal entry the exceptions filed to the report of the master commissioner, with the exception of one item, were overruled, and the report of the master commissioner was modified, and as modified was approved and confirmed.

The court upon said report found that the plaintiffs were not entitled to the relief sought and that their petition should be dismissed; and, upon the issues joined on the cross-petition, found in favor of the defendants, and that there was due the defendants, Christine and Dushan D. Silashki, from the plaintiffs, George and Paulina Malamanoff, the sum of $7187.12; that there was due the defendant Dushan D. Silashki from the plaintiffs, the sum of $1435; and judgment was entered for said sums, together with an allowance to the special master commissioner.

On December 7, 1940, the following entry appears:

"It appearing to the court that no bond in appeal had been fixed by this court, the court now fixes the appeal bond at two hundred dollars."

On said day, a supersedeas bond was filed in the amount of $200, and likewise a notice of appeal upon questions of law and fact.

There has been filed in this court by the appellees a motion to require the appellants, the Malamanoffs, to furnish an adequate appeal bond or in the alternative that the appeal herein be dismissed.

We have before us, in a consideration of this motion, only the original pleadings and the transcript of the journal entries filed in this action.

It is first necessary to determine whether or not the action filed is an action at law or in equity. It must be observed that the action instituted by the plaintiffs was one wherein a money judgment was sought. No fiduciary or trust relation was alleged to exist between the parties; the amount of money due from one to the other was the major issue, and the accounting sought was incidental only to the main relief asked. Such an action has been determined by the Supreme Court of Ohio in the case of **Willson Improvement Co. v Malone, 78 Oh St 232,** to be an action at law for recovery of money only. A like conclusion was reached in **Complete Building Show Co. v Albertson, 99 Oh St 11,** and **La Bounty v Brumback, 126 Oh St 96,** and the rule there announced was followed by this court in the case of **Herman v The Ohio Finance Company, 66 Oh Ap 164.**

In conformity to that rule, we conclude that the action instituted herein was an action at law for the recovery of money only. That conclusion necessitates a holding that an appeal from the judgment entered therein must have been on questions of law, and that the case was not appealable on law and fact. Under the provisions of §§12223-4 and 12223-5 GC, it was not necessary that a bond be furnished in order to make the appeal effective, and the only necessity for the filing of a bond would have been in the event the plaintiffs desired to stay execution upon the judgment entered against them, in which event a bond in conformity to the provisions of §§12223-9 and 12223-14 GC, would have had to be filed.

This is a case wherein an appeal on questions of law and fact has been filed, where an appeal on questions of law only should have been filed, and under the provisions of §12223-22 GC, "the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law." This is true even though no bond was filed under the provisions of §12223-6 GC.

**Loos v The Wheeling and L. E. Ry. Co. et al., 134 Oh St 321:**

**Bennett v Bennett, 134 Oh St 330.**

It is the order of this court that the appeal upon questions of law and fact filed herein be dismissed, but that the case be retained by this court as an appeal on questions of law, and the appellants are given 30 days from and after the entry of this order upon the journal of this court within which to

perfect and file a bill of exceptions herein. The absence of a supersedeas bond filed in accordance with the provisions of §§12223-9 and 12223-14 GC, places the defendants (the appellees) in a position where there is no inhibition to their issuing an execution upon the judgment entered in their favor by the trial court.

The motion for a new bond is overruled, and the motion to dismiss the appeal upon questions of law and fact is sustained. Exceptions are granted to appellants.

DOYLE, P. J., and WASHBURN, J., concur.