## HODAPP et v SHELL OIL CO., INC.

Ohio Appeals, 2nd Dist, Montgomery Co

No 1673. Decided Nov 18, 1941

H. P. Williamson, Dayton, for plaintiffs-appellees.

Clarence J. Stoecklein, Dayton, for defendant-appellant.

## OPINION

BY THE COURT:

The above-entitled cause is now being determined on plaintiffs-appellees' motion to dismiss the appeal on questions of law and fact.

This motion was filed March 29, and should have been in our hands at a much earlier date under the standing order to the Clerk of Courts in all counties in the district to forward motions or demurrers to us as soon as filed.

We have had this question before us so frequently that we can state without citation of authorities that the sole question for determination is whether or not the action of the trial court was a chancery case or an action at law.

There should be no difficulty in determining that it was an action at law and not a chancery case.

The relief sought was a money judgment pure and simple.

Among the papers we find a motion filed by defendant in the trial court, asking that the case be determined to be one in equity and tried to the court without the intervention of a jury. We also find an entry sustaining the motion by and with the consent of counsel for defendant. We doubt very much if the trial court did anything more than approve the entry, since it was agreed to by all parties in interest.

Whatever the reason for approving the entry, it could have no effect on the character of the action other than in the trial court.

Under the Constitution of Ohio, as well as under the pertinent section of the new Procedural Act, appeals on questions of law and fact are limited to chancery cases.

Having determined that the instant case is not one in chancery, we have no alternative other than to determine that the same can not be tried as a chancery case but will be held and determined as an appeal on questions of law.

Following the statute we would order that appellant will be given thirty days within which to prepare and have allowed his bill of exceptions. In looking through the original papers, we find that a bill of exceptions has been allowed and filed in our court. For a strict compliance with the provisions of the Code it will be necessary to again have the bill of exceptions allowed and then refiled.

We take it that counsel for appellees is only interested in a determination that we consider and determine the case as an error proceeding, and therefore it may be that an agreement may be entered into between the parties stipulating that the bill of exceptions as now filed may be accepted as the record of the case without the formalities of having the same reallowed and refiled.

Whatever is done along this line should be by written stipulation or entry, or probably both.

Entry may be drawn in accordance with this opinion.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.