## LUMPKIN, Plaintiff-Appellant, v. HUGHES, Defendant-Appellee.

Ohio Appeals, Second District, Darke County.

No. 608.   Decided October 15, 1942.

Wilbur D. Spidel, Greenville, for plaintiff-appellee, and for the Motion.

Paul W. Younker, Greenville, for defendant-appellant and contra the Motion.

### OPINION

BY THE COURT:

Submitted on motion of Appellee to dismiss the appeal on questions of law for the reasons:

1.  Failure of Appellant to file his brief and assignments of error within time and rule;

2.  Failure of Appellant to give proper and sufficient bond in the Court of Common Pleas and Court of Appeals;

3.  Because a proper transcript and bill of exceptions is not available for review in this court;

4.  For other reasons apparent on the face of the record.

The appeal is noted on questions of law and on questions of law and fact. The motion is only directed to the appeal on questions of law, although one of the branches thereof necessarily related only to the appeal on questions of law and fact, viz.: 2. Failure to give proper bond in the Court of Common Pleas.

It is obvious that the appeal on questions of law and fact is not the proper type of appeal for the reason that the original action before the Justice of the Peace was statutory, viz; In forcible entry and detention; and for the further reason that there already has been one appeal to the Common Pleas Court, from the judgment of which court the present appeal is prosecuted. It is not necessary to determine if the bond given in the Common Pleas Court by reason of the appeal to this court is an appeal bond assuring the right to come to this court on questions of law and fact, although in the very first paragraph of the bond the purpose of the appeal is stated to be "To file his (Defendant's) petition in error."

The usual order then, after having determined that the appeal may not be pursued on questions of law and fact would be for this court to determine that it may proceed upon questions of law, which is now done, and to fix a time not to exceed thirty days within which defendant might file his bill of exceptions. However, in this case the document which was considered and treated by the Common Pleas Judge as a bill of exceptions has already been filed and is before this court.

It will, therefore, not be necessary to extend any time to the defendant and it may be refiled upon the journalizing of the entry on this decision. We do not at this time hold that the bill of exceptions is not a sufficient record of the transcript of the testimony before the Justice of the Peace. Although it is in narrative form, it has been authenticated by the trial justice. The third branch of the motion will therefore be overruled.

The first branch of the motion must be overruled because the time within which Appellant is required to file his briefs and assignments of error does not begin until after it is determined that the appeal shall proceed on questions of law.

The second branch of the motion is overruled because on an appeal on questions of law, an appeal bond is not required and it is probable that the bond which is given is a supersedeas bond.

The fourth branch of the motion will be overruled. So the motion in its entirety is overruled, but the entry should make provisions in accordance with this decision upon the questions which we have discussed.

Briefs may be filed under rule.

GEIGER, P. J., BARNES, HORNBECK, JJ., concur.