**DISMIER et, Plaintiffs-Appellees, v WHITE, et al., Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

No. 601.   Decided September 28, 1943.

Maher & Marchel, Greenville for plaintiffs-appellees.

T. A Billingsley & Wilbur D. Spidel, Greenville for defendants-appellants.

## OPINION

By THE COURT:

Submitted on motion of plaintiffs-appellees to dismiss the appeal for the following reasons:

1. For failure of appellants to file notice of·intention to·appeal within twenty days after filing of the judgment entry.

2. For failure of appellants to file briefs, assignments of error and bill of exceptions within fifty days after their notice,.of intention to appeal was filed.

3. For failure to file motion for extension of time within which to file briefs, assignments of error and bill of exceptions

Two entries, a waiver, and two notices of appeal are involved in this motion to dismiss. The judgment entry of date Dec. 13, 1941, determines the. issues drawn between the· parties, decrees partition of the premises described in the petition and orders certain named defendants to account for rents and profits to the plaintiffs. Under date of January 14, 1942, there is a waiver of C. F. Adams, Guardian of defendant, Lillian F. Stoltz, a minor, waiving the issuance and service of summons, voluntarily entering the appearance of the ward and guardian, consenting to the sale of the real estate described in the petition, waiving re-appraisment of the real estate, and consenting to its sale. The entry of date February 16, 1942, overrules motion of defendants, Dorothy White and Ruby C. White to set aside and vacate entry of December 13, 1941.

On February 3, 1942, defendants, Dorothy White, Howard White, and Ruby C. White as an individual and Ruby C. White, as executrix of the estate of Cora A. Blumenstock, deceased, "gave notice of appeal from the judgment heretofore rendered against them." On February 26, 1942, Dorothy White and Ruby C. White, Admrx., etc., and individually "gave notice of their intention to appeal from the judgment rendered in the Common Pleas Court of Darke County, Ohio, in this action, to the Court of Appeals in Darke County, Ohio, upon matters of law and fact." It will be noted that neither of these notices defines the judgment appealed from more definitely than by the statement "the judgment heretofore rendered against them." If the notices of appeal are directed to the judgment entry of December 13, 1941, both are too late under the statute to perfect an appeal from that judgment, having been filed more than twenty days after it was entered and no motion for new trial appearing.

The notice of appeal of date February 3, 1942, can serve no purpose in this proceeding because it was filed too late to lodge an appeal in this court from the judgment entry of December 13, 1942, and at that time there was no other final

order or judgment entry on file to which it could relate. The waiver of C. F. Adams, Guardian, of Lillian F. Stoltz, does not even purport to be an entry and in no view of its subject matter could it be considered a final order or judgment entry. This first notice of appeal is ineffective to accomplish any appeal.

The entry of February 16, 1942, was made in response to a motion of defendants-appellants, Dorothy White and Ruby C. White, to set aside and vacate the entry of December 13, 1941. The order so pronounced is a final order. Hornbeck & Adams, Trial and Appellate Practice, Section 129, citing **Cox v Cox, 104 Oh St 611.** Counsel will be, as the court has been, in considerable doubt if the cited supporting authority, viz. **Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St 188,** supports the judgment in Cox v Cox, but there can be no doubt that the court had before it on review an order of the lower court refusing to sustain a motion to vacate a former decree.

As we have heretofore noted, the notices of appeal are indefinite as to the judgment from which the name defendants sought to perfect their appeal. However, we have treated the one effective notice, namely, that of February 26, 1942, as directed to the only final order to which it could apply, namely that of February 16, 1942, overruling the motion to vacate and set aside the judgment on the merits.

The first branch of the motion will therefore, as it has application to the notice of appeal of February 26, 1942, be overruled.

It should, at all times, be kept in mind that the only question presented by the first branch of the motion to dismiss relates to procedural steps, and in determining it we give no consideration whatever to any infirmity that may or may not be found eventually in the motion to vacate and the order made thereunder when we come on to consider it upon the appeal.

The second and third branches of the motion must also be overruled.

The notice of appeal is noted as upon questions of law and fact. This notice shapes the type of appeal until such time as this court has held that it is not properly designated in the notice.

The provision of the rule of this court requiring that briefs, assignments of error and bill of exceptions be filed within fifty days after the filing of the notice of intention to appeal in the trial court (Rule VII) has application only to appeals on questions of law.

340

We now determine that this appeal may not be tried upon the facts and must proceed as upon questions of law only, and the defendants-appellants may file their bill of exceptions immediately after the entry journalizing this decision has been filed.

In determining the type of appeal presented by the order on the motion to vacate the judgment, we give consideration to the order which we are required to review. This order was entered upon a motion to vacate a judgment, which proceeding is strictly statutory, and, therefore, legal in form. We are not called upon to review the original judgment except as it may be incidental to the principal question presented. The original judgment, of course, was in chancery, and if the appeal was directed to it, the notice of appeal would have been correct in form.

The motion of plaintiffs-appellees will be overruled in all of its branches and defendants-appellants will file their briefs within rule after the filing of their bill of exceptions.

BARNES, P. J., HORNBECK and GEIGER, J. concur.