## OLSEN, et, Plaintiffs-Appellants v. WATSON, et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 1795. Decided June 5, 1944.

D. H. Wysong, Dayton, for plaintiffs-appellants.

E. H. & W. B. Turner, Dayton, for defendants-appellees.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on defendants-appellees' motion to dismiss plaintiffs-appellants' appeal on two grounds. First, notice of appeal filed in the trial court specified the same was an appeal on law and fact, no bond being filed within the time provided by §12223-6 GC and for this reason the appeal is not effective as an appeal on questions of law and fact. Citing **Damar Realty Company v. City of Cleveland 140 Oh St 432.**

An examination of the transcript of docket and journal entries and original papers very clearly and positively demonstrates that the attempted appeal on law and fact was not perfected and hence may not be heard in our Court de novo.

The second ground for dismissal is that the appeal was filed on October 12, 1943; assignments of errors and briefs of appellants were filed on the 17th day of April, 1944 more than 50 days after filing the notice of appeal. This is claimed to be in violation of Rule 7 of this Court and the decision of our Court in the case of Ritzler v. Rhotehamel, 26 O. D. 701.

The instant case differs from the Ritzler case, supra, in that the appellant in the Ritzler case gave notice of appeal on law and fact and also on law. In the instant case the notice is on law and fact only. This point of difference necessarily modifies our ruling from the Ritzler case. The instant case is still pending in our Court as an appeal on law and fact. This prevents us from dismissing the action notwithstanding appellant has filed assignments of error and briefs out of rule. Under the situation in the instant case we will follow our usual procedure in determining that the case may not be heard as an appeal on law and fact, but that we will retain the case as an appeal upon law and if necessary, 15 days will be given for the preparation and allowance of a Bill of Exceptions. We suspect that appellant will not desire a Bill of

Exceptions and in that event he may refile his assignments of errors and briefs and thereafter appellees will be given the usual time for filing of answer briefs. Entry may be drawn in conformity to the opinion.

BARNES, P. J., HORNBECK and GEIGER, JJ. concur.