**SIDELL et, In re Reduction of Rank, Appellants.**
**NOTHACKER, In re Reduction of Rank, Appellant.**
**WERNER, In re Reduction of Rank, Appellant.**
**SIDELL, In re Reduction of Rank, Appellant.**
**HARTUNG, In re Reduction of Rank, Appellant.**

Ohio Appeals, Second District, Franklin County.

Nos. 4036, 4037, 4038, 4039, 4040. Decided January 27, 1948.

106

Roscoe R. Walcutt, Alfred J. Henney, Columbus, for appellants.

Richard W. Gordon, City Atty., Hugh K. Martin, Senior Asst. City Attorney, Robert E. Leach, Asst. City Attorney, Columbus, for appellees.

## OPINION

By HORNBECK, J.

No. 4036 is an appeal sought to be perfected by appellants who filed a joint petition on appeal. No. 4037 is the separate

appeal of Edward M. Nothacker; No. 4038, of Elwood L. Werner; No. 4039, of Roland T. Sidel; and No. 4040, of Arthur H. Hartung. Each of the appeals, No. 4037 to No. 4040, is taken from an order of the Civil Service Commission of Columbus affirming the action of the Safety Director of said City in reducing appellant's rank in the Fire Division of the Public Safety Department of the City of Columbus, No. 4036, in which there is no notice of appeal, is an attempt to join the other appeals in one action instituted by a petition in this Court.

The orders from which the appeals are taken were made on April 15, 1946, and the notices of appeal were filed within statutory period. Appellants took no steps on their appeals to the Common Pleas Court until December 17, 1947, when the joint petition on appeal was there lodged without filing any of the separate notices of appeal. On January 17, 1947, the City Attorney filed copies of the separate notices of appeal in the Common Pleas Court and had the causes docketed under the numbers heretofore stated. On April 30, 1947, the Common Pleas Court dismissed all of the appeals, because of the failure of each appellant to file a bill of exceptions or brief in the Common Pleas Court as prescribed by Rule XXI of the Revised Rules of Procedure of the Common Pleas Court of Franklin County, Ohio, and No. 4036 for the further reason that there is no authority in law for a joint appeal.

The appeals in this Court are directed to the orders of dismissal.

Without discussion, we hold that no error was committed in the dismissal of the appeal in No. 4036 for the reason assigned by the Common Pleas Judge, who passed on the motions to dismiss, namely, that "there is no authority in law for a joint appeal" upon the facts developed in the "petition on appeal". **Giglio v Lasita, 73 Oh Ap 207.**

Another error assigned is that Rule XXI of the Revised Rules of the Common Pleas Court of Franklin County, Ohio, affords no authority for the dismissal of the individual appeals.

The dismissal entries are specific and predicated squarely upon failure to comply with Rule XXI of the Common Pleas Court, which, in so far as pertinent, provides:

"Unless otherwise provided by statute or ordered by the Court or a Judge thereof, briefs shall be filed as follows in all cases of appeal from inferior courts:

Counsel for appellant, shall, within thirty (30) days after filing notice of intention to appeal, file with the Clerk his assignments of error and briefs and bill of exceptions.

Upon failure of the appellant to file his assignment of error, briefs or bill of exceptions, as herein required, and unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the Court."

The Court found in each case that "no bill of exceptions or brief has been filed in this cause as prescribed by said Rule XXI nor has any motion for extension of time in which to file brief been filed as provided by said Rule XXI". It is urged that this rule has application only to appeals on questions of law and that the appeals here are either special appeals provided by statute or appeals on questions of law and fact. It is further urged that the rule has application only to appeals from inferior courts as distinguished from the appeals here which were from an order of the Civil Service Commission, which, it is claimed, is not a court.

Rule XXI is in verbage much like our Rule VII, with the exception that our rule has a heading restricting it to Civil Cases and Appeals on Questions of Law, and there is no designation of the court or tribunal from which the appeals covered by the rule are prosecuted.

It is conceded that the Common Pleas Court had the authority to provide by rule when briefs shall be filed, not only in appeals on questions of law but in any type of appeal and that if it is the intention of the rule to provide the time for filing briefs as to all appeals it would have application to the appeals here.

It is our judgment that the rule was framed, intended to be applied only to appeals on questions of law. This opinion is predicated on practical grounds, namely, that it is only on appeals on questions of law that the factual developments such as appear in a bill of exceptions are available to counsel and the court prior to hearing date. In de novo appeals the facts upon which briefs must be based may not be developed until hearing of trial day and are not sooner available. Then, too, the rule designates "assignment of error" and "bill of exceptions" which have application only to error proceedings. See **Dismier v White, 45 Abs. 337.** If given application to de novo appeals the rule will not be helpful to the Court, counsel or the parties.

The rule, being restrictive of the rights of appellants, should be construed most favorably in their behalf. It speaks only of appeals from "inferior courts". The trial judge was of opinion that the Civil Service Commission, acting in a quasi

judicial capacity in entering the order appealed from, would be included in the term "inferior courts". Recourse should be had to the Appellate Code, which is the pole star on the general subject of appeal in Ohio. This act recognizes a distinction on appeals between courts, tribunals, officers and commissions. Sec. 12223-3 GC provides that:

"Every final order, judgment or decree of a court and, when provided by law, the final order of an administrative officer, tribunal, or commission may be reviewed as hereinafter provided, * * *."

Sec. 12223-4 GC provides that:

"The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission."

Judge Day in the opinion in **State, ex rel. v Hutsinpiller, 112 Oh St 473**, quotes 15 Corpus Juris, page 854:

"In the United States the state Constitutions usually create certain courts and confer on them designated powers, and such courts proceed directly from the sovereign will and constitute a coordinate and independent department of the government."

The Municipal Civil Service Commission clearly is an administrative body given certain quasi-judicial powers by express authority of statute, but such powers do not constitute it a court though it has some of the attributes of a court.

That administrative bodies and commissions are not courts has been variously held: **New Bremen v Public Utilities Commission, 103 Oh St 23, 30; State, ex rel v LeBlond, 108 Oh St 126, 132;** Frederick v Board of Education, 18 O. C. C. (N. S.) 435; Dosen v East Butte Copper Mining Co. (Montana), 254 P. 880; Helvering v Rankin, 55 Sup. Ct. 732, 295 U. S. 123; and also that a statute requiring notice of appeal, within time fixed, from a judgment of an inferior court had no application to an order made by a State Board of Tax Appeals; Dosen v East Butte Copper Mining Co., supra.

Our conclusion that the rule does not apply to appeals from the Civil Service Commission is dispositive of the appeal, but as other questions are raised, we discuss them. It is urged that if it be held that Rule XXI has application to appeals from the Civil Service Commission the appeals here should not have been dismissed because either they are special appeals not controlled by the Appellate Code, or, if so controlled, a determination should have been made under §11564 GC that the cases could not be heard upon the facts and as no bills of exceptions had been filed; and time fixed within which to prepare and settle the bills of exceptions.

The appeal sought to be perfected from the Civil Service Commission to the Common Pleas Court was grounded upon §486-17a GC. This section does no more than to say, "An appeal may be had from the decision of the Municipal Commission to the Court of Common Pleas * * * to determine the sufficiency of the cause of removal", and the notices of appeal filed with the Civil Service Commission did not designate the type of appeal, whether upon questions of law or upon questions of law and fact.

It is conceded by counsel for all parties that the appeal provided by §486-17a GC is a de novo hearing. If so, it could properly be characterized as an appeal upon questions of law and fact. Judge Matthias in the opinion in Kearns v Sherrill, 137 Oh St 468, traced the history of §486-17a GC and pointed out that when enacted the word "appeal" connoted a hearing de novo, limited, however, by the statute. It is also held in In re: Pennell, 33 Abs. 198, that §486-17a GC is an exception to §12223-23 GC and the general class of appeals provided thereby.

Inasmuch as the appellants were entitled to a de novo hearing a general notice of appeal should be construed to mean that type of appeal to which they were entitled. Foerster v Foerster, etc., 43 Abs 100. But they did not give bond, which raises the question whether or not §12223-6 GC has application. Some doubt may arise whether §12223-6 GC has application to appeals by virtue of §486-17a GC. The former section provides that "no appeal shall be effective as upon questions of law and fact unless and until the order * * * appealed from is superseded by a bond * * *". Does this section have application only to general appeals as set out in the Appellate Code? The third paragraph of §12223-1 GC is broad enough to include the appeals here under consideration. It provides:

"The 'appeal on questions of law and fact' shall be construed to mean a rehearing and a retrial of a cause upon the

law and the facts and shall include all the proceedings heretofore and otherwise designated as an appeal, and the same as may be designated by the phrase 'appeal on questions of fact'."

Upon the filing of the notices of appeal with the Commission, they were perfected and no step required to be taken subsequent thereto was jurisdictional. §12223-4 GC. **State, ex rel. Curran v Brookes, 142 Oh St 107.** When the notice of appeal is filed in the court or commission from which it is taken, that court or body loses all jurisdiction of any procedural question affecting the judgment or order. If it be granted that the appeals here were not effective as de novo appeals by reason of the failure to give bonds, the only authority which had the right or jurisdiction to determine how the appeals should proceed was the court to which the appeal was taken. In these cases this was the Common Pleas Court which, in our judgment, after copies of the notices were filed must have first considered the question either upon motion of the appellee or upon its own motion and determined how the appeals should proceed. §12223-22(2) GC, **Bauer v Grinstead, 142 Oh St 56.** Manifestly, it could only have held that the appeals must proceed as upon questions of law because of the failure of appellants to file bonds; **The Demar Realty Co. v City of Cleveland, 140 Oh St 432; Olsen v Watson, 42 Abs. 411;** but when so determined the terms of §11564 GC came into play and the Court, finding that the cases could not be heard upon the facts and that no bills of exceptions had been filed, could not dismiss but must have fixed the time, not to exceed thirty days, for the preparation and settlement of the bills of exceptions. **Bauer v Grinstead, supra; Malamanoff v Silashki, 44 Abs. 397.** This requisite being a provision of the general law would take precedence over any conflicting rule of court. The time within which appellants would be required to file their briefs and assignments of error would not begin until after it was determined that the appeals should proceed upon questions of law. **Lumpkin v Hughes, 45 Abs. 33.**

We therefore hold that Rule XXI applies to appeals on questions of law only and has no application to the appeals here because not taken from a court but from an administrative body, namely, The Municipal Civil Service Commission. If the appeals may be held to have come from a court, then the rule could not have been invoked to dismiss the appeals because the general notices of appeal filed with the Commission were tantamount to notices of appeal on questions of law and fact

and the Court under the controlling provisions of the statute, §12223-22(2) GC could not dismiss but could only have found that the appeals could not be tried on the facts and that they must proceed upon questions of law, and fixed a time within the statute for the filing of the bills of exceptions. Sec. 11564 GC.

It is further urged that if the Court in dismissing the appeals acted upon authority of a valid rule, it abused its discretion under the facts appearing. It appears that subsequent to the orders of the Director of Public Safety reducing the rank of each of the appellants and the affirmance of this order, appellants proceeded not only by the appeals here under consideration but also in an attempt to avoid the orders by an original action in mandamus in the Supreme Court. It is urged that the delay in taking any further steps pursuant to the notices filed with the Commission was justified, pending the adverse decision in the mandamus suit, **State, ex rel. Sidell, et al. v Cole, Director, et al. 147 Oh St 203**, inasmuch as appellants proceeded with their appeals when the Supreme Court held against them.

This position is not tenable because it was the obligation of appellants to observe all requisite procedural steps in their appeals. In no view of the facts may it be said that the Court which passed upon these motions abused its discretion if the rule under which he acted had been properly invoked. There were, indeed, moving reasons why the appeals should have been dismissed in view of the failure of appellants to do anything to perfect them other than merely to file notices with the Commission.

It is only because of the technical aspects of the procedural questions involved that we hold that the Court erred in dismissing the separate appeals.

The order in case No. 4036 will be affirmed.

The orders in cases Nos. 4037, 4038, 4039 and 4040 will be reversed and causes remanded.

WISEMAN, PJ, and MILLER, J, concur.