KELCH, Plaintiff-Appellant, v. SUTTON, Dir. et, Defendants-Appellees.
SORGE, Plaintiff-Appellant, v. SUTTON, Dir. et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 22465-22466. Decided June 16, 1952.

Corrigan, McMahon & Corrigan, Anthony Carlin, Cleveland, for plaintiffs-appellants.

Jos. H. Crowley, Director of Law, Chas. W. White, Asst. Director of Law, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, PJ:

These appeals come to this Court on questions of law from a judgment of the Common Pleas Court sustaining the discharge of the appellants as officers of the police department of the City of Cleveland by the Director of Public Safety of said City.

The Director of Public Safety filed two charges against the appellant, Sorge, on July 19, 1951, alleging falsehoods in reporting to the Safety Director in the course of a police investigation. As to appellant, Kelch, a single charge was made on July 20, 1951, alleging a falsehood to the Director of Public Safety in the same police investigation.

The trial of said appellants on August 6th and 7th on the charges as thus presented (there being a single trial as to both appellants before the Director of Public Safety) resulted in a finding of "guilty" and the dismissal of appellants from the police department.

On August 16, 1951, an appeal was taken by both appellants to the Civil Service Commission of the City of Cleveland. A single trial as to the charges against both appellants was had beginning Sept. 11th and ending September 14th and upon the conclusion thereof the civil service commission, by a vote of two to one, sustained the Director of Public Safety in the discharge of the appellants, Kelch and Sorge. It should

be noted that before the hearing before the civil service commission began, the appellants requested separate trials which request was overruled.

On September 24, 1951, both appellants filed separate notices of appeal to the common pleas court, said notices designating the respective appeals to be upon questions of law and fact. An appeal bond was fixed by the commission in the sum of $100.00 which was filed by each appellant. The appellee filed a motion to dismiss said appeals and upon consideration thereof the common pleas court on Oct. 16, 1951, ruled that pursuant to §§486-17a and 12223-3 GC, the appellants were not entitled to "retry the facts" dismissed the appeal on questions of law and fact, retained said appeals on questions of law and directed the appellants to file a transcript of the proceedings including the evidence by November 1, 1951. Upon hearing the appeal, the common pleas court sustained the discharge of each appellant.

Each appellant claims the following errors:

"1. The common pleas court erred in dismissing appellant's appeal perfected 'on questions of law and fact' and denying him the right of trial de novo thereon.

"2. The judgment of the common pleas court, in sustaining said decision of the civil service commission is unsupported by the evidence, and against the manifest weight of the testimony.

"3. The common pleas court erred in sustaining the action of the civil service commission in admitting evidence against appellant to which he had duly entered his objection;

"4. The common pleas court and the civil service commission erred in overruling appellant's motion to quash the purported order or orders of the safety director of the city of Cleveland, whereby appellant was discharged from said police department, and

"5. Said judgment and decision of the common pleas court is contrary to law."

The error claimed by the appellants in overruling their motions to quash the orders of discharge by the Director of Public Safety for failure to follow out the provisions of the statute, city charter and rules of the civil service commission, in presenting the charges against the appellants, before the civil service commission, is not well taken. There is no question but that the procedural steps were not followed in detail. But it also appears from the record that the appellants were fully advised as to the charges, were represented by counsel and were, therefore, in no way prejudiced by the failure of the safety director to follow in every detail the

procedure provided. The trial was before an administrative body before whom the technical deviations from procedural requirements will not cause a reversal unless the appellants were thereby prevented from having a fair trial.

The next claim of error has to do with the failure to grant the appellants separate trials. Here it must first be noted that except for the fact that the alleged untruthful conduct charged against the appellants is claimed to have taken place in the same police investigation, there is no other circumstance which would in any way join them together. Nor is it claimed that the appellants were attempting to act in concert or were conspiring together to mislead the director in the investigation by answering questions untruthfully. The evidence needed to establish the guilt of one would be wholly irrelevant with regard to the case against the other.

This being true, it would have been more in accord with the judicial process to have tried the appellants in separate trials. But again, we are dealing with a trial before an administrative body, and therefore unless there was prejudice to the rights of either, because of the trial of both at the same time, the holding of the commission should not be reversed merely because of such technical error. We find that such error was not prejudicial. The same conclusion would apply to the wide latitude permitted in the introduction of evidence of matters dealing with the reasons for the investigation and not the conduct of the appellants.

We come now to the question of whether or not the appellants were, under the law, entitled to a "de novo" hearing before the common pleas court on separate appeals on the question of the sufficiency of the cause of removal.

Sec. 486-17a GC, provides in part:

"* * * the municipal commission * * * shall hear such appeal * * * and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission's decision shall be final; provided, however, that in the case of the removal of * * * any member of the police * * * (department) * * * of a municipality an appeal may be had from the decision of the municipal commission to the court of common pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission."

This provision of the statute (amended in 1931 extending the right of appeal to all officers of the police and fire department) used the word "appeal" twice in conferring the right of a police officer or fireman to have the sufficiency of the cause of his removal retried in the common pleas court. At

the time the legislature used the word "appeal" in this statute both before and at the time of its amendment in 1931, the word "appeal" had a very definite meaning in the procedural law of Ohio. It meant a trial "de novo." In the case of **Zanesville v. Zanesville Telephone & Telegraph Co., 64 Oh St 67,** at page 83 the court says:

"An appeal is the removal of a cause or matter from an inferior jurisdiction after its decision to a superior jurisdiction for retrial on its merits."

The right of appeal thus afforded a police officer, while limited to a determination of the question of the sufficiency of the cause of his removal, is a valuable right. It gives him the right to a trial of the question of the sufficiency of the cause of his removal in the common pleas court, which is the court of original jurisdiction of our judicial system and not just a review on questions of law from the holding of an administrative board, considered on the basis of the record there made.

An examination of §486-17a GC, shows that the word "appeal" is also used in defining the right of the officer to have the charges placed against him by the appointing authorities reheard before the civil service commission. No one has ever claimed that a retrial of the questions determined by the safety director when the case is appealed to the civil service commission was not intended. Certainly the word "appeal" could not have two meanings in the same section. The word "appeal" as here used, means a "retrial" or a "trial de novo" of the issues of the sufficiency of the cause of removal.

That this is the meaning of that portion of §486-17a GC above quoted, is supported by the case law of the state. In the case of **Landrey v. Harmon, Mayor etc., 5 Oh Ap 217,** the syllabus is as follows:

"1. **Sec. 486-17a GC (106 O. L. 412),** providing for an appeal from the municipal civil service commission to the court of common pleas in case of removal of the chief of police or the chief of the fire department, gives jurisdiction to the court of common pleas to try the question of removal de novo.

"2. The appeal is perfected when the necessary papers and transcripts are filed in the office of the clerk of the court of common pleas within the prescribed time."

In the case of **Kearns v. Sherrill etc., 63 Oh Ap 533,** the Court of Appeals of the First District came to a contrary view and the case was certified to the Supreme Court as in conflict with the Landry case, supra, on that question. The Supreme Court (**Kearns v. Sherrill, 137 Oh St 468**) held:

"1. Under the provisions of §486-17a GC, a member of a police or fire department removed from his position has a right of appeal from the order of a municipal civil service commission to the Court of Common Pleas.

"2. The jurisdiction of the Court of Common Pleas in such case is special and limited, by the terms of the statute 'to determine the sufficiency of the cause of removal.' Where facts which constitute 'sufficiency of the cause of removal' are established by the evidence and found by the court, the trial judge may not arbitrarily reinstate such officer to his position and restore his emoluments of office from the date of his discharge on the ground that in his opinion the punishment prescribed is too severe and he is without authority to modify it."

And on page 471 the court said:

"When §486-17a GC was enacted in its present form, the word 'appeal' had a long-established and well-known meaning and application. It connoted a hearing de novo but in this instance with the limitation upon the jurisdiction of the court clearly expressed. Though not in strict accord with the method prescribed by §12223-4 GC, notice was given the members of the commission and the city manager within the prescribed time by summons duly served, and the court had jurisdiction of the appeal in this case."

"We are in accord with the view expressed in the case of Landrey v. Harmon, mayor etc., supra. The jurisdiction conferred upon the Court of Common Pleas by §486-17a GC is special and limited. The Court has power only 'to determine the sufficiency of the cause of the removal.'"

The Supreme Court, has, therefore, determined that the appeal of a police offcer from a dismissal from the police department after hearing before the civil service commission under §486-17a GC, is a hearing "de novo" limiting the question to be determined by the court to that of the sufficiency of the cause of removal.

Our attention has not been called to a case, nor have we been able to find one, which has reached the Supreme Court of this state where a trial "de novo" was not afforded a discharged police officer upon appeal to the common pleas court after a hearing before the civil service commission. See also, In re Sedell, 80 N. E. 2d, 203.

The overruling of both appellants' motions for hearing "de novo" upon their appeals to the common pleas court, constituted prejudicial error and for that reason the judgment of the common pleas court is reversed and the cause is remanded with instructions to hear "de novo" separately the

**512**

appeals of these appellants on the question of the sufficiency of the cause of removal, the court being limited in its jurisdiction to either affirm or reverse the finding of the civil service commission.

Holding these views, we do not consider the question of whether or not the evidence introduced before the commission was sufficient to cause the removal of the appellants, that question not having been properly presented to the trial court as provided by statute.

The judgment is reversed and the cause remanded. Exceptions. Order see journal.

HURD, J, THOMPSON, J, concur.