[Cite as *Millbrook Assn., Inc. v. Wills*, 2025-Ohio-5108.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MILLBROOK ASSOCIATION, INC., | Case No. 25 CAG 05 0035 |
| Plaintiff - Appellant | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Delaware Municipal Court, Case No. 24 CVI 2233 |
| KONOA WILLS, et al., | |
| Defendants - Appellees | Judgment: Reversed and Remanded |
| | Date of Judgment: November 6, 2025 |

BEFORE: Craig R. Baldwin; Andrew J. King; David M. Gormley, Judges

APPEARANCES: David A. Dye, for Plaintiff-Appellant.

*Gormley, J.*

**{¶1}** Appellant Millbrook Association — a homeowners' association — filed in the Delaware Municipal Court a lawsuit against the defendant homeowners to collect some dues and fees that were allegedly owed to the association by those homeowners. The municipal court dismissed the case, citing what that court said was a lack of subject-matter jurisdiction. Because we find that the municipal court does have jurisdiction to hear cases in which a homeowners' association seeks to recover money for unpaid dues and other fees, we reverse the trial court's judgment and remand the case.

**The Key Facts**

**{¶2}** Appellees Konoa and Christina Wills own a home in a residential community known as Millbrook. Millbrook Association is the homeowners' association for that community. Homeowners in the Millbrook community have an obligation — under their subdivision's recorded deed declarations – to pay annual assessments to the association.

The Willses did not timely pay the annual assessments, which resulted in late fees and legal costs being assessed to their account.

**{¶3}** In September 2024, the association filed a complaint against the Willses in the small-claims division of the Delaware Municipal Court seeking $881.42 for unpaid assessments, late fees, and related legal costs. At the trial, a magistrate questioned whether the municipal court had subject-matter jurisdiction in the case and asked the parties to submit briefs addressing the issue. After reviewing the brief filed by the association, the magistrate issued a decision finding that municipal courts do not have subject-matter jurisdiction to adjudicate matters involving the enforceability of deed declarations. The association objected, but a municipal-court judge overruled that objection and dismissed the case. The association now appeals.

## Standard of Review

**{¶4}** The municipal court dismissed the association's complaint under Civ.R. 12(H)(3), which provides that "[w]henever it appears . . . that the court lacks jurisdiction on the subject matter, the court shall dismiss the action." Subject-matter jurisdiction is a legal question rather than a factual one. *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 34. An appellate court reviews with fresh eyes a trial court's decision dismissing a complaint for lack of subject-matter jurisdiction. *Duke Energy Ohio, Inc. v. City of Hamilton*, 2018-Ohio-2821, ¶ 21 (12th Dist.).

## The Municipal Court Has Subject-Matter Jurisdiction in an Action for the Recovery of Money Damages Owed to a Homeowners' Association

**{¶5}** The association first argues that its complaint for monetary damages under the deed declaration was an action at law based on a contract and that the municipal court — and its small-claims division — had subject-matter jurisdiction to hear the case.

**{¶6}** The jurisdiction of the small-claims division of municipal courts in civil actions is limited to the recovery of money damages that do not exceed $6,000. R.C. 1925.02(A)(1). Specifically excluded from the jurisdiction of a small-claims division are actions involving: (1) libel, slander, replevin, malicious prosecution, and abuse of process; (2) claims brought by an assignee or agent, except those to recover taxes brought by an authorized representative; and (3) the recovery of punitive and exemplary damages. R.C. 1925.02(A)(2)(a)(i)–(iii).

**{¶7}** The claim at issue in this case is not excluded from a small-claims division's jurisdiction by any of those provisions.

**{¶8}** Municipal courts, whether cases are filed in the small-claims division or not, are granted limited subject-matter jurisdiction under the Revised Code. Among the legal claims that can be heard by a municipal court is "any action or proceeding at law for the recovery of money" as well as "any action at law based in contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract . . . and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract." R.C. 1901.18(A)(2)–(3).

**{¶9}** When determining whether a municipal court has subject-matter jurisdiction in this type of case, we must examine "both the nature of the claim (whether it sounds in law or equity)" as well as "the relief sought (whether compensation for an injury to one's person, property, or reputation, or specific relief such as the recovery of specific property or monies)." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 2012-Ohio-1378, ¶ 7 (10th Dist.), citing *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 104 (1991).

**{¶10}** Real-property covenants that "run with the land . . . were originally creations of the common law, not equity, and plaintiffs at common law could therefore bring actions . . . for damages resulting from their breach." *Porter v. Hammond N. Condominium Assn.*, 2025-Ohio-2210, ¶ 54-55 (1st Dist.). Both actions at law and suits in equity have been available as remedies for the breach of a covenant. *Id*.

**{¶11}** Ohio courts have long held that when the relief sought in a lawsuit is a money judgment, the case is an action at law. *Willson Imp. Co. v. Malone*, 78 Ohio St. 232 (1908), paragraph two of the syllabus ("an action for money is an action for money only, unless there is sought some form of relief peculiar to courts of equity"); *Hodapp v. Shell Oil Co.*, 35 Ohio Law Abs. 267 (2d Dist. 1941) ("[t]here should be no difficulty in determining that it was an action at law . . . [because] [t]he relief sought was a money judgment pure and simple"); *Malamanoff v. Silashki*, 44 Ohio Law Abs. 397 (9th Dist. 1941) (an action for the recovery of money only is an action at law).

**{¶12}** When the municipal court in this case concluded that municipal courts lack jurisdiction to hear suits seeking the enforcement of obligations created by recorded deed declarations — such as this suit for the collection of homeowners'-association dues and related fees — the court cited two decisions from the Eighth District Court of Appeals. In the first of those decisions, a homeowners' club had asked a municipal court to issue a declaratory judgment about the validity of some amendments to the club's declarations and to enforce a recorded covenant that restricted property owners' use of their land. *Bretton Ridge Homeowners Club v. DeAngelis*, 22 Ohio App.3d 65 (8th Dist. 1985). After the municipal court in that case granted summary judgment in favor of the defendant property owners, the homeowners' club appealed.

**{¶13}** The court of appeals in *Bretton Ridge* characterized as "equitable in nature" the homeowners' declaratory-judgment action seeking to enforce the recorded covenant. *Id.* at paragraph two of the syllabus. The court held that "a municipal court does not have subject matter jurisdiction over such an action, *i.e.*, one which is principally equitable in nature." *Id.*

**{¶14}** Earlier rulings from the Supreme Court of Ohio that were cited by the *Bretton Ridge* court dealt with the equitable nature of injunctive and declaratory relief. *See Stines v. Dorman*, 25 Ohio St. 580 (1874), syllabus (holding that a stipulation in a deed of conveyance "may, in equity, be enforced by injunction"); *McGuire v. Caskey*, 62 Ohio St. 419 (1900), syllabus (where neighbors own lots governed by a covenant in a deed, "either is entitled to an injunction to enforce observance of the covenant by the other"); and *Brown v. Huber*, 80 Ohio St. 183 (1909), syllabus (a suit to enjoin the construction and maintenance of certain buildings upon property "may, in equity, be enforced by injunction").

**{¶15}** In the second case relied on by the Delaware Municipal Court, the Eighth District Court of Appeals — citing the *Bretton Ridge* decision — held that where a homeowners' association filed a municipal-court claim against property owners for the payment of dues that were owed, and where the defendant property owners argued that they were not bound by the restrictive covenants that had created and given authority to the association, the claim was an equitable one because it called for the trial court to determine the "validity and enforceability of the recorded covenants." *Trails Home Assn. v. Chapman*, 1987 WL 11412, *3 (8th Dist. May 21, 1987). The court in *Trails Home* held that the municipal court lacked subject-matter jurisdiction to hear such a case.

**{¶16}** Whatever the merits of the Eighth District's rulings in those two 1980s decisions, the case before us today is undeniably an action for the recovery of money damages only. Millbrook Association alleges that the Willses have failed to pay assessments imposed under the recorded covenants that accompanied the deed conveyed to the Willses when they purchased their home.

**{¶17}** The municipal court, in dismissing the case for lack of subject-matter jurisdiction, claimed that a deed declaration or restrictive covenant is not a contract. That conclusion, however, does not appear to be supported by Ohio law, for we have found ample authority for the view that a deed declaration or restrictive covenant is in fact a contract. And not surprisingly, then, Ohio courts have also embraced the view that a municipal court does in fact have jurisdiction to hear cases arising under those recorded deed restrictions.

**{¶18}** The Supreme Court of Ohio looked to Black's Law Dictionary when that court described a "restrictive covenant" as a "private agreement" that is usually in a deed or lease and restricts the uses of real property. *Canton v. State*, 2002-Ohio-2005, ¶ 28, citing *Black's Law Dictionary* (7th Ed. Rev. 1999). Our court — in adopting that definition of a restrictive covenant — has explained that "[i]n the context of property law, a 'covenant' denotes a contract that is either personal or 'runs with the land.'" *Stark Cty. Park Dist. v. Dickerhoof*, 2018-Ohio-4319, ¶ 62 (5th Dist.), quoting *Maasen v. Zopff*, 1999 WL 552747, *3 (12th Dist. July 26, 1999).

**{¶19}** Most of the other appellate districts in the state have likewise adopted the same or a similar definition of a covenant. *See, e.g., Washington Twp. Bd. of Trustees v. Ryan*, 2013-Ohio-4072, ¶ 25 (2d Dist.) (quoting the definition of covenant from the

*Canton* decision); *Orwell Natural Gas Co., Inc. v. Fredon Corp.*, 2015-Ohio-1212, ¶ 21 (11th Dist.) ("In the context of property law, a restrictive covenant is considered a contract and is treated as such").

**{¶20}** The Eighth District Court of Appeals has now also embraced the definition of a restrictive covenant that was set forth in *Canton*, holding that "[a] restrictive covenant is a private agreement that imposes a limit or burden on the use or occupancy of real property." *Phelps v. Community Garden Assn., Inc.*, 2019-Ohio-1364, ¶ 21 (8th Dist.), citing *Canton*, 2002-Ohio-2005, at ¶ 28. The court in *Phelps* also cited the Twelfth District's holding that "[a] declaration is a contract, and as such, construction of the [d]eclaration is a matter of law." *Id*. at ¶ 29, quoting *O'Bannon Meadows Homeowners Assn., Inc. v. O'Bannon Properties, L.L.C.*, 2013-Ohio-2395, ¶ 19 (12th Dist.).

**{¶21}** Municipal courts have routinely exercised jurisdiction over actions for the recovery of homeowners' association dues and related fees. *See, e.g., Westbury Place Homeowners Assn., Inc. v. Murea*, 2020-Ohio-2879 (9th Dist.) (holding that a municipal court did not err in awarding summary judgment in favor of an association for accrued assessment fees and attorney's fees); *Williams Creek Homeowners Assn. v. Zweifel*, 2008-Ohio-2434 (10th Dist.) (affirming a municipal court's summary judgment in favor of a homeowners' association for unpaid assessments, penalties, interest, late fees, and attorney's fees); and *Hazelwood Assn., Inc. v. Helfrich*, 2010-Ohio-2871 (5th Dist.) (affirming an award by a municipal court's small-claims division in favor of an association for dues, late fees, interest, and attorney's fees).

**{¶22}** Time and again, Ohio courts have viewed suits for the recovery of unpaid assessments as actions at law based on contract. Nothing in R.C. 1901.18(A) precludes a municipal court from exercising jurisdiction over these cases.

## Ohio's Planned Community Law Does Not Alter the Municipal Court's Subject-Matter Jurisdiction

**{¶23}** The association contends that the municipal court incorrectly interpreted and applied Ohio's so-called "Planned Community Law" in Chapter 5312 of the Revised Code. The municipal court found that those statutory provisions did not extend the limited subject-matter jurisdiction of municipal courts to include actions by owners' associations seeking to collect monetary assessments imposed by deed declarations.

**{¶24}** An owners' association is authorized by statute to collect assessments from property owners to pay for common expenses. R.C. 5312.06(A)(2). An owners' association may also assess individual lots for amounts owed to the association and the expenses incurred in collecting them, including attorney's fees, court costs, and other expenses. R.C. 5312.11(A). A violation of any covenant, condition, or restriction "is grounds for the owners' association . . . to commence a civil action for damages, injunctive relief, or both." R.C. 5312.13.

**{¶25}** Ohio's condominium law, codified in Chapter 5311 of the Revised Code, governs the operation of condominium communities, and it operates much like the Planned Community Law in Chapter 5312. The First District Court of Appeals recently noted that Ohio's condominium law imposes numerous regulatory requirements on condominium associations "essentially by building upon the law of real covenants." *Porter*, 2025-Ohio-2210, at ¶ 57 (1st Dist.).

**{¶26}** Ohio's Planned Community Law codifies the requirements for the formation and operation of owners' associations. That law does not, however, expressly limit or expand the jurisdiction of municipal courts to hear suits for money damages for alleged violations of covenants, conditions, or restrictions in deeds. The municipal court's jurisdiction under R.C. 1901.18(A) is not affected by Chapter 5312 of the Revised Code.

**{¶27}** For the reasons explained above, the judgment of the Delaware Municipal Court is reversed and the case is remanded for further proceedings in that court. Any costs are to be paid by Appellees Konoa and Christina Wills.

By: Gormley, J.;

Baldwin, J. and

King, P.J. concur.